ALFONSO SIMMONDS, Plaintiff

v.

GOVERNMENT EMPLOYEES SERVICE COMMISSION, et al., Defendants

Civil No. 269-1973

District Court of the Virgin Islands

Div. of St. Croix

October 10, 1973

HODGE, SHEEN & FINCH (DEREK M. HODGE, of counsel), Christiansted, St. Croix, V.I., *for plaintiff*

VERNE A. HODGE, Attorney General (by CURTIS E. TARTAR, Deputy Assistant Attorney General), St. Thomas, V.I., *for defendants*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

This is an action by an ex-government employee who was summarily fired after ten years as a "temporary" employee. Title 3, V.I.C. § 530 provides for notice and hearing before a "regular" employee is discharged. Plaintiff here seeks a declaratory judgment that § 530 is unconstitutional as violative of equal protection; and that as a matter of due

process he was, and is, entitled to notice and hearing prior to being fired. The Government has moved to dismiss.

■ 1. *Equal Protection*—I must agree with the Government that as a matter of law § 530 does not violate equal protection. Certainly there are many and good reasons for distinguishing between "regular" and "temporary" employees as to dismissal procedures. See Gannet Corp. v. Stevens, 282 F.Supp. 437, 446–47 (D.C.V.I. 1968). Plaintiff has not claimed that his classification as "temporary" was illicit and therefore that question is not before me.

■■ 2. *Due Process*—Although the statute is constitutional, this does not mean that this particular employee did not have a right to notice and a hearing before his employment was terminated. It is interesting to observe the close parallel between the facts in this case and those in the recent Supreme Court decision—Perry v. Sindermann, 408 U.S. 593 (1972). In that case, plaintiff was a state college professor who had received ten consecutive one year contracts before being discharged. The Court held that his lack of formal tenure did not mean that he had no right to due process protections before being fired. The Court remanded the case to permit the plaintiff to attempt to prove that he had an informal understanding or expectation that his employment was to continue. If he could prove such "de facto tenure" it would amount to a "property" interest implicating due process. Similarly, because of the long "temporary" employment of the plaintiff in the instant case, I believe he must be given an opportunity to prove a "property" interest in his continued employment.

ORDER

It is hereby ORDERED that the Motion to Dismiss is DENIED as explained in the above Memorandum Opinion.